**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Veronica Fair, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| vs. | ) | |
| | ) | |
| Frank S. Falzone & Associates, PLLC and | ) | |
| Frank S. Falzone, | ) | |
| | ) | |
| Defendants. | ) | |

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

**PARTIES**

4.      Plaintiff, Veronica Fair ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Yuma, and City of Yuma.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Frank S. Falzone & Associates, PLLC ("FSF&A") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant, Frank S. Falzone ("Falzone") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.      "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); *see Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9.      Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F.

Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10.     Frank S. Falzone & Associates, PLLC and Frank S. Falzone ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.     Defendants are attempting to collect $3.702.29 on an alleged debt from the year 2000.

15.     Plaintiff informed Defendants in an email dated September 22, 2010 @ 8:37 P.M. that the debt was outside of the applicable statute of limitations.

16.     Defendants responded in an email on September 23, 2010 @ 4:52 A.M. representing that a payment had been made on May 21, 2008, though no such payment had been made, and continued collection activities against Plaintiff. (15 U.S.C. §§ 1692e(2)(A), 1692e(10)).

17.     Defendants, via their agent and/or employee "Jeff Perkins," sent Plaintiff an email on September 22, 2010 in which it stated, "We are aware that you don't actually owe the original amount quoted to you," and despite such acknowledgement, continued collection activities against Plaintiff for such incorrect amount.

18.     Defendants, via their agents or employees Jeff Perkins and Ericka Ortwein, sent Plaintiff emails dated September 22, 2010 @ 1:54 P.M., September 22, 2010 @ 2:18 P.M., September 22, 2010 @ 4:00 P.M., September 22, 2010 @ 5:02 P.M., September 22, 2010 @ 5:29 P.M., September 23, 2010 @ 4:52 A.M., September 23, 2010 @ 8:35 A.M., September 23, 2010 @ 8:54 A.M., and September 23, 2010 @ 9:11 A.M. in which Defendants failed to disclose that the communication was from a debt collector.

19.     Furthermore, in the email dated September 23, 2010 @ 8:35 A.M. Defendants, via their agent or employee Jeff Perkins, stated that Defendant "is not a collection agency." (15 U.S.C. §§ 1692e(10), 1692e(11)).

20.     Defendants, upon information and good-faith belief, is a New York law firm with no employees and/or agents that are licensed to practice law in the State of Arizona (the jurisdiction of Plaintiff's residence), yet Defendants repeatedly and continuously reiterated to Plaintiff that it was a law firm, for the express purpose of intending Plaintiff to believe that Defendants possessed the ability to initiate litigation

against Plaintiff in the jurisdiction of her residence, which it did not.   (15 U.S.C. §§ 1692e(3), 1692e(10)).

21.     Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## DEFENDANT FSF&A

22.     Plaintiff repeats and re-alleges each and every allegation contained above.

23.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a)  Adjudging that Defendant violated the FDCPA;

 b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

 d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT FALZONE

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

25.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)  Adjudging that Defendant violated the FDCPA;

h)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 18th day of November, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff